UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO CARLOS-FLORES<br><br>          Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>          Respondent. | CASE NO.:14-cv-96 AJB<br>CRIM. NO.:12-cr-05149 AJB<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**<br><br>[Doc. No. 25 in 3:12-cr-05149] |

    Presently before the Court is Petitioner Francisco Carlos-Flores' ("Petitioner") motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 25.) Petitioner, a federal inmate proceeding *pro per*, seeks relief based on the claim of ineffective assistance of counsel. (*Id.*) He alleges his attorney, Ms. Holly Hanover, wrongfully relied on the Probation Officer's and Government's reports, which reflected that Petitioner was convicted of felony possession of a controlled substance for sale. (*See id.* at 2.) He further alleges that if she had conducted an independent investigation, she would have found there is no record of the felony conviction. (*Id.*) Finally, Petitioner alleges that due to his attorney's wrongful reliance

and advice to him, he is serving a longer sentence than permitted by law because he was incorrectly categorized as an aggravated felon. (*See id.*)

Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Moreover, the records conclusively demonstrates that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b). Accordingly, the motion hearing set for March 13, 2014 is hereby vacated. Having considered the parties' arguments, and for the reasons set forth below, the Court DENIES Petitioner's motion to vacate, set aside, or correct his sentence.

## I. BACKGROUND

Petitioner, pursuant to a January 8, 2013 Plea Agreement, pleaded guilty to being a removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). (Doc. No. 10.) Under the Plea Agreement, Petitioner confirmed that his guilty plea was knowing and voluntary, he understood the charges against him and the consequences of his plea, and he had a full opportunity to discuss the facts and circumstances of his case with his attorney. (*Id.* at 5.) He also waived his right to appeal or collaterally attack his 8 U.S.C. § 1326(a) and (b) conviction and sentence. (*Id.* at 10–11.) Petitioner admitted that in addition to the instant charge, "[o]n or about February 21, 2012, [Petitioner] suffered a felony conviction for Possession of a Controlled Substance for Sale" in violation of California Health & Safety Code § 11378. (*Id.* at 3.) He also admitted he was removed from the United States on September 9, 2012 because he is an alien. (*Id.*)

As part of the Plea Agreement, Petitioner acknowledged "the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a)." (*Id.* at 6.) He agreed to a joint sentencing recommendation with the Government, certifying that he understood the Sentencing Guidelines are merely advisory. (*Id.* at 7.) The joint recommendation under the Plea Agreement acknowledged that Petitioner had a prior conviction. (*Id.*) It further stipulated that the conviction sentencing level was to be determined by the Court following the preparation of a Pre-Sentence Report ("PSR"). (*Id.*). The PSR was submitted to the Court on February 19, 2013. (Doc. No. 15.)

The PSR recommended that under U.S.S.G. § 2L1.2(b)(1)(A), Petitioner's base offense level (set at level eight) be increased by sixteen levels for his felony drug trafficking conviction. (Doc. No. 15 at 4, 7.) The increase resulted in an offense level twenty-four with a criminal history category of IV. (*Id.*) The PSR recommended subtracting three offense levels for acceptance of responsibility, for a total offense level of twenty-one with a criminal history category IV (which recommends fifty-seven to seventy-one months incarceration). (*Id.*); U.S.S.G. § 3E1.1(a), (b); U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

Petitioner's counsel submitted a Sentencing Summary Chart and a Sentencing Memorandum, both of which comport with the PSR. (Doc. No. 19; Doc. No. 20 at 3–4.) Pursuant to the Plea Agreement, Counsel did not make any sentencing requests under 18 U.S.C. § 3553(a) or otherwise diverge from Probation's PSR. (Doc. No. 20 at 4.) However, in the Sentencing Memorandum and the Motion for Downward Departures, Counsel requested an additional four-level downward departure for a fast-track departure. (Doc. No. 18 at 2; Doc. No. 20 at 4.) She also requested a six-level downward departure, citing several mitigating circumstances, for a final adjusted offense level of eleven with a criminal history category of IV (eighteen to twenty-four months incarceration). (Doc. No. 18 at 2; Doc. No. 20 at 4); U.S.S.G. Ch. 5, Pt. A, Sentencing Table. The Court sentenced Petitioner to twenty-four months in federal prison and two years of supervised release. (Doc. No. 22.)

Petitioner filed the instant motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 on January 13, 2014. (Doc. No. 25.) Petitioner claims he was not convicted of possessing a controlled substance for sale, but he was convicted for possessing a methamphetamine pipe and sentenced to probation. (*Id.* at 2.) Petitioner asserts his attorney repeatedly ignored his insistence that he was not convicted of possessing a controlled substance for sale. (*Id.*) He alleges that although he told his attorney that he only remembered pleading guilty to possession of a methamphetamine pipe, his attorney advised him that his memory of the facts of his case are insufficient to

overcome the documents establishing his felony conviction. (*Id.*) He further claims his attorney wrongfully assumed Probation and the Government "properly did their job" and relied on the documents they produced to establish the felony conviction. (*Id.*)

Petitioner provided the Court with an affidavit explaining that he and his family attempted to locate a record of his felony conviction, but were unable to find any record of conviction. (Doc. No. 26, Ex. 1, 2.) He included a Certificate of Clerk Re: Search Results from the Los Angeles Superior Court, which certified that the Clerk could not find a record of conviction between the years of 1989 and 2013 for "Fernando Flores-Franco," born December 17, 1962. (*Id.* at Ex. 2.) The Government filed a response in opposition on February 5, 2014, and attorney Holly Hanover filed a response to the motion to vacate on February 4, 2014. (Doc. Nos. 30, 31, 29.)

## II.  LEGAL STANDARD

Claims of ineffective assistance of counsel can be raised for the first time on a section 2255 motion. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984), *cert. denied*, 470 U.S. 1058 (1985). A defendant may waive his right to file a section 2255 motion to challenge his sentence, but such a waiver must state so expressly. *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). However, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011).

The Sixth Amendment guarantees criminal defendants the right to representation by counsel at every critical stage of the prosecution. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002). To prevail on a claim that his trial counsel rendered ineffective assistance, Petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong of the *Strickland* test, the Court does not focus on whether counsel's advice was right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases. *Turner*, 281

F.3d at 881.  There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Strickland*, 466 U.S. at 689; *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991).  Under the prejudice prong, Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel.  *Id.* at 687; *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir. 1991).  "Because failure to meet either prong is fatal to [Petitioner's] claim, there is no requirement that [the Court] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 697).  The Supreme Court has recognized that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).  The same standard applies to contentions that a prisoner's guilty plea is based on ineffective assistance of counsel.  *See Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985).

The Court may not deny a section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  In order for Petitioner to qualify for an evidentiary hearing, he must make "specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**III.   DISCUSSION**

Petitioner's motion fails to establish either of the *Strickland* prongs required to succeed on an ineffective assistance of counsel claim.  Petitioner failed to show that his attorney's performance was deficient when she did not investigate the felony drug trafficking conviction documents.  He also failed to show that any deficient performance

by his attorney prejudiced him with a longer sentence.  Accordingly, Petitioner's section 2255 claim based on ineffective assistance of counsel fails.

**A.     Deficient Performance**

Petitioner claims that his attorney performed deficiently when she relied on the conviction documents produced by the Probation Officer and the Government.  (Doc. No. 25 at 2.)  He argues that his counsel should have investigated his claim that he was only convicted for possession of a methamphetamine pipe.  (*Id.*)

Counsel's decision not to test the Government's records of Petitioner's felony conviction did not amount to ineffective assistance of counsel.  *See, e.g., United States v. Schaflander*, 743 F.2d 714, 718 (9th Cir. 1984) (holding that an attorney's failure to produce evidence to attempt "to refute the authenticity of a prejudicial document" was not deficient).  There was no evidence that Petitioner was only convicted of possessing a methamphetamine pipe and sentenced to probation, as Petitioner claimed.  *See, e.g., United States v. Gaydos*, No. 91-10209, 988 F.2d 123, 1993 WL 68933, *2–3 (9th Cir. Mar. 11, 1993) (holding that an attorney's decision to not object to evidence of defendant's criminal record was not ineffective assistance of counsel when "[t]here was no evidence that the prior conviction had been 'totally stayed' or dismissed as [defendant] initially claimed").

Moreover, Petitioner's counsel was provided with the felony complaint, minute entry of the plea colloquy, and abstract of judgment certifying Petitioner's felony conviction.  (*See* Doc. No. 30, Ex. 1.)  These documents conclusively establish a conviction upon which Petitioner's counsel may rely.  *See United States v. Valdavinos-Torres*, 704 F.3d 679, 688 (9th Cir. 2012) (holding that a felony complaint, change of plea form, minute entry of the plea colloquy, and abstract of judgment are together sufficient to establish a felony conviction).

Accordingly, Petitioner's ineffective assistance of counsel claim fails on this ground.  Even supposing that Counsel's performance was deficient, Petitioner has failed

to show that any deficiency resulted in prejudice. *Wong*, 667 F.3d at 987 (holding that courts need not address both *Strickland* prongs if a defendant fails under one prong).

**B.     Prejudice to Petitioner**

Petitioner claims that he was prejudiced by his attorney's failure to independently investigate his criminal record because there is no record of his felony conviction. (Doc. No. 25 at 2; Doc. No. 26, Exs. 1, 2.) Petitioner claims that as a result, he was improperly categorized as an aggravated felon and given a sentence longer than the law permits. (Doc. No. 25 at 2.)

The Ninth Circuit held in 2012 that felony convictions for possession of methamphetamine for sale under California Health & Safety Code § 11378 are felony drug trafficking offenses and thus qualify as aggravated felonies. *See Valdavinos-Torres*, 704 F.3d at 686–90; *see also* 8 U.S.C. § 1101(a)(43)(B). Under the Sentencing Guidelines, if a defendant was previously deported or unlawfully remained in the United States after (1) being convicted of a felony drug trafficking offense, and (2) sentenced to more than thirteen months incarceration, the offense is increased by sixteen levels. U.S.S.G. § 2L1.2(a), (b)(1)(A).

Petitioner was convicted of a felony drug trafficking offense. Petitioner's fruitless search for his conviction documents is unpersuasive. Petitioner used the name "Fernando Flores-Franco," one of his many aliases, to conduct the search. (Doc. No. 26, Ex. 2; Doc. No. 15 at 2.) Additionally, he used December 17, 1962, one of his many known birth dates associated with his aliases, as his birth date for the search. (Doc. No. 26, Ex. 2; Doc. No. 15 at 2.) Conversely, the felony conviction documents indicate that "Franco Carlos Flores," born December 17, 1963 was convicted of possessing a controlled substance for sale. (Doc. No. 30 at Ex. 1.) The PSR confirms that "Franco Carlos Flores," born December 17, 1963, is one of Petitioner's aliases. (Doc. No. 15 at 2); *United States v. Hanoum*, 33 F.3d 1128, 1132 (9th Cir. 1994) ("The court may adopt the factual findings of the presentence report."). Accordingly, Petitioner did not find a record of conviction because he used the incorrect alias to conduct the search. The

abstract of judgment establishes that Petitioner was sentenced to one year and four months incarceration (sixteen months in total). (Doc. No. 30, Ex. 1.) Consequently, the record establishes that Petitioner was previously deported after serving his more than thirteen month sentence for being convicted of a felony drug trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A).

Petitioner was not given a sentence longer than permitted by law. Under the Sentencing Guidelines, Petitioner's conviction history warrants a sixteen-level increase. U.S.S.G. § 2L1.2(b)(1)(A); U.S.S.G. Ch. 5, Pt. A, Sentencing Table. The Court nonetheless departed downward and sentenced Petitioner within his requested offense level eleven Sentencing Guideline (which recommends eighteen to twenty-four months incarceration). U.S.S.G. Ch. 5, Pt. A, Sentencing Table. The Court sentenced Petitioner to twenty-four months incarceration, which is well within the Sentencing Guidelines. (Doc. No. 22); *see, e.g., Rita v. U.S.*, 551 U.S. 338, 347 (2007) (holding that sentences within the Sentencing Guidelines are presumptively reasonable). Moreover, as Petitioner stipulated in the plea agreement, the Sentencing Guidelines are merely advisory, and absent an abuse of discretion, the Court's sentence will stand. (Doc. No. 10 at 7); *see U.S. v. Booker*, 543 U.S. 220, 233–34 (2007); *Gall v. U.S.*, 552 U.S. 38, 51 (2007). Thus, Petitioner's contention that he was given an illegal sentence because of his attorney's deficient performance has no merit.

Because the record establishes that Petitioner was convicted of a drug trafficking felony, Counsel's failure to investigate his criminal record did not prejudice his sentence. Accordingly, Petitioner's ineffective assistance of counsel claim fails on this ground as well.

//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED: March 10, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge